O’NIELL, Chief Justice.
 

 The defendant was indicted for operating a motor vehicle while in an intoxicated condition and causing physical injury to three women on the highway. He pleaded, by way of a motion to quash the indictment, that the statute which he was accused of. violating, being section 1 of Act No. 188 of 1936, p. 529, was unconstitutional. The plea was overruled, and, reserving a bill of exception, the defendant entered a plea of guilty, and promptly filed a motion in arrest of judgment, repeating the plea that the statute was unconstitutional. The judge overruled the motion in arrest of judgment, and sentenced the defendant to imprisonment in the penitentiary for one year. The defendant has appealed.
 

 The only question is whether the statute is unconstitutional. The first section declares that it shall be unlawful for any person while in an intoxicated condition and operating a motor vehicle to cause injury to the person or property of another; and the second section declares that any person found guilty of a violation of the first section may be. imprisoned with or without hard labor for a term not exceeding one year, and be fined in a sum not exceeding $1,000. The defendant pleads, first, that the first section of the act violates section 16 or article 3 of the Constitution, in that the title of the act is not indicative of its object; and, second, that the first section of the statute is without effect because the statute does not compel, but merely permits, the imposition of a penalty for a violation of this section.
 

 The only reason why it is argued that the title of the act is not indicative of its object- is that the title declares that the act is one “defining and punishing the operation of motor vehicles by a person intoxicated,” etc., whereas, the statute itself puts the penalty not upon the “operation,” but upon the “operator,” of the motor vehicle. To say that a certain offense shall be punished in a certain way is the same as to say that any one who commits the offense shall be punished in that way. In Webster’s New International Dictionary, after the definition of the verb “punish,” an illustration is given, thus: “as, to punish murder or treason with death.” And after the definition of the word “punishable,” it is said: “ — said of persons or offenses.”
 

 It is a matter of no importance that the statute provides that a violator of the law may be punished, instead of providing that he shall be punished, etc. Perhaps ‘the reason why the word may is used, instead of the word shall, is that it is left to the discretion of the judge to impose the sentence of imprisonment with or without hard labor. At any rate, to say that an offender may be imprisoned either with or without hard labor means that he shall be imprisoned, and that the imprisonment may be either with or without hard labor, in the discretion of the judge.
 

 The sentence is affirmed.
 

 HIGGINS, J., takes no part